# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| U.S. XPRESS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>INFINITO, INC. and SIMON GOMEZ,<br><br>    Defendants. | Civil Action No.: |

## COMPLAINT

Plaintiff U.S. Xpress, Inc. ("USX") hereby files this Complaint against Defendants Infinito, Inc. ("Infinito") and Simon Gomez ("Gomez") (collectively, "Defendants"), and avers as follows:

## PARTIES

1. USX is a corporation incorporated under the laws of the State of Nevada with its principal place of business in Chattanooga, Tennessee.

2. Infinito is a corporation incorporated under the laws of the State of Texas with its principal place of business in El Paso, Texas.

3. Gomez is an individual who resides in El Paso, Texas.

## JURISDICTION

4. Jurisdiction is based upon 28 U.S.C. § 1332(a) as the matter in controversy exceed $75,000.00 and there is complete diversity of citizenship among the parties.

## VENUE

5. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to USX's causes of action occurred within this district.

6. Additionally, Defendants have expressly agreed to the jurisdiction and venue in this judicial district.

## PREDICATE FACTS

7. This action arises from Defendants' failure to pay USX at least $292,485.35 in freight and related charges due to USX for transporting shipments of freight by motor carrier between August 2018 and October 2018.

8. USX operates as a federally licensed motor carrier.

9. Infinito operates as a federally licensed freight broker.

### The Credit Agreement and Personal Guaranty

10. On or about December 14, 2006, Infinito entered into an agreement with USX whereby USX agreed to provide Infinito a line of credit for the cost of transporting shipments of freight (the "Credit Agreement").

11. Pursuant to the terms of the Credit Agreement, all invoiced charges were due upon the sooner of either Infinito's receipt of an invoice or 15 days following the date on an invoice.

12. The Credit Agreement, among other terms, expressly stated that any transportation services provided by USX for Infinito were governed by USX's tariff.

13. Pursuant to the terms of the Credit Agreement and USX's tariff, USX is entitled to collect its costs and attorneys' fees incurred in attempting to collect any invoiced amount which is not timely paid by Infinito.

14. USX's tariff further provides that USX may collect finance charges on any unpaid freight bill at a rate of two percent per month.

15. Gomez executed the Credit Agreement for Infinito as its president.

16. The Credit Agreement also included a personal guaranty which was also executed by Gomez (the "Personal Guaranty").

17. Pursuant to the Personal Guaranty, Gomez guaranteed that Infinito would make all payments due to USX and Gomez individually promised that he would pay USX any amounts Infinito failed to pay.

### The Shipments and Freight Charges

18. Between August 2018 and October 2018, Infinito placed at least 71 shipments of its customers' freight with USX for motor carrier transportation (the "Shipments").

19. The Shipments were placed with USX for transportation on credit pursuant to Infinito's Credit Agreement.

20. USX performed the requested transportation services for the Shipments.

21. USX invoiced Infinito for the freight and related charges which were due to USX for each of the Shipments totaling at least $292,485.35 (the "Freight Charges").

22. Infinito failed to pay the Freight Charges to USX within the time allowed under the Credit Agreement and USX tariff.

23. A demand was made upon Gomez to pay the Freight Charges pursuant to the Personal Guaranty.

24. Gomez has failed to pay the Freight Charges to USX pursuant to Gomez's Personal Guaranty.

25. As of February 27, 2019, $20,144.84 in finance charges have accrued on the unpaid Freight Charges.

26. Finance changes continue to accrue on the Freight Charges at a rate of $192.32 per day.

### COUNT I: Failure to Pay Common Carrier Freight and Related Charges

27. USX hereby incorporates the preceding paragraphs as if set forth at length herein.

28. Although demand has been made for payment of the outstanding Freight Charges owed to USX, Infinito and Gomez have failed and/or refused to pay those charges which are due and owing.

**WHEREFORE**, U.S. Xpress, Inc. respectfully requests that judgment be entered in its favor and against Infinito, Inc. and Simon Gomez, jointly and severally, in a principal amount no less than $292,485.35, together with finance charges in an amount no less than $20,144.84 plus additional finance charges of $192.32 per day after February 27, 2019 until paid, as well as attorneys' fees, costs, and such other relief as the Court deems just.

### COUNT II: Breach of Contract

29. USX hereby incorporates the preceding paragraphs as if set forth at length herein.

30. Infinito entered into a contract whereby it agreed to pay the Freight Charges within 15 days of the Freight Charges being invoiced by USX.

31. USX performed the requested transportation services for the Shipments pursuant to the terms of the contract between the parties.

32. The Freight Charges are due and owing to USX.

33. Infinito breached the terms of the agreement between the parties by failing to timely pay the Freight Charges to USX.

34. Gomez agreed to ensure that Infinito paid the Freight Charges to USX and that if Infinito failed to pay, he personally would pay the Freight Charges to USX.

35. Gomez's failure to timely pay the Freight Charges to USX constituted a material breach of the agreement between the parties.

**WHEREFORE**, U.S. Xpress, Inc. respectfully requests that judgment be entered in its favor and against Infinito, Inc. and Simon Gomez, jointly and severally, in a principal amount no less than $292,485.35, together with finance charges in an amount no less than $20,144.84 plus additional finance charges of $192.32 per day after February 27, 2019 until paid, as well as attorneys' fees, costs, and such other relief as the Court deems just.

### COUNT III: Promissory Estoppel

36. USX hereby incorporates the preceding paragraphs as if set forth at length herein.

37. Defendants promised to pay USX for transportation services performed for the Shipments.

38. Defendants additionally promised that if they did not pay USX within 15 days of being invoiced, that USX could collect finance charges, costs, and attorneys' fees.

39. Defendants knew or should have known that USX would rely upon Defendants' promises in performing the transportation services related to the Shipments.

40. Infinito paid USX for performing similar services pursuant to Defendants' promises in the past.

41. USX relied upon Defendants' promises and performed the transportation services related to the Shipments.

42. By relying upon Defendants' promises, USX has suffered the detriment equal in value to the Freight Charges.

**WHEREFORE**, U.S. Xpress, Inc. respectfully requests that judgment be entered in its favor and against Infinito, Inc. and Simon Gomez, jointly and severally, in a principal amount no less than $292,485.35, together with finance charges in an amount no less than $20,144.84 plus additional finance charges of $192.32 per day after February 27, 2019 until paid, as well as attorneys' fees, costs, and such other relief as the Court deems just.

## COUNT IV: Unjust Enrichment

43. USX hereby incorporated the preceding paragraphs as if set forth at length herein.

44. USX performed the transportation services Infinito requested for the benefit of Infinito and its customers.

45. Defendants received the benefit of USX's services.

46. It would be unjust for Defendants to retain the benefit of the services performed by USX without paying.

47. The benefits conferred by USX have a reasonable value equal to the amount of the Freight Charges plus finance charges, costs, and attorneys' fees incurred by USX.

**WHEREFORE**, U.S. Xpress, Inc. respectfully requests that judgment be entered in its favor and against Infinito, Inc. and Simon Gomez, jointly and severally, in a principal amount no less than $292,485.35, together with finance charges in an amount no less than $20,144.84 plus additional finance charges of $192.32 per day after February 27, 2019 until paid, as well as attorneys' fees, costs, and such other relief as the Court deems just.

**EVANS HARRISON HACKETT, PLLC**

By: /s/Maury Nicely
Maury Nicely (BPR No. 18997)
835 Georgia Avenue, Suite 800
Chattanooga, TN 37402
Phone: 423.648.7890
Fax: 423.648.7897
mnicely@ehhlaw.com

Dated: March 5, 2019                    *Attorneys for Plaintiff U.S. Xpress, Inc.*